UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60443-DAMIAN/VALLE

PEDRO BENAVIDES,

    Plaintiff,

vs.

SPRIGHTFUL SOLAR INSTALLATIONS, LLC
AND PABLO CORREDOR,

    Defendants.
_____/

## AMENDED COMPLAINT[1]

Plaintiff, Pedro Benavides, sues Defendants, Sprightful Solar Installations, LLC and Pablo Corredor, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Pedro Benavides**, is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

2.    **Defendant, Sprightful Solar Installations, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and actually conducted its for-profit business in Broward County, Florida, at all times material, where it maintains its principal place of business.

3.    **Defendant, Pablo Corredor,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this

---

[1] Plaintiff files this Amended Complaint in compliance with the Court's Order at ECF No. 6, albeit after Defendants appeared in this case through counsel to avoid having to re-serve each Defendant with the Amended Complaint.

1

lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq*., and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain their principal places of business in this District, Plaintiff worked and was due to be paid in this District, and most, if not all, of the operational decisions were made in this District.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Pedro Benavides, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9. Defendants own and operate an business that sells, finances, installs, and services residential solar-electric systems while using toner, printers, pens, paper, furniture, phone systems machinery, electrical cables, solar cells, conduits, inverters, batteries, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce

2

from outside of the State of Florida before being received in this District to engage in interstate commerce.

10. Defendants regularly employed two or more employees for the relevant time to handle goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their sales, service, installation, and repair of solar-electric solutions which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

12. Defendants also communicate with their workers and others by regularly and routinely using telephones and transmitting information through email and the Internet, which transmissions regularly and routinely traveled outside of the State of Florida.

13. Defendants regularly and routinely receive and send packages containing products, such as inverters, solar panels, and other items used in the solar-electric business that travel in interstate commerce.

14. Defendants engage in interstate commerce through their regular and routine receipt of invoices and submission of payment involving out-of-state suppliers.

15. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

16. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

17. Plaintiff was a non-exempt employee of Defendants.

18. Plaintiff consents to participate in this lawsuit.

19. Plaintiff worked for Defendants as a "solar technician" from approximately February 8, 2022 through June 13, 2023.

20. Plaintiff's job duties at first involved installing residential solar-electric systems but then evolved into servicing and trouble-shooting residential solar-electric systems.

21. Defendants agreed to pay Plaintiff a salary of $40,000 per year in biweekly installments

22. Defendant, Sprightful Solar Installations, LLC, also agreed to pay Plaintiff a non-discretionary bonus of $40,000 once he completed one year of service. (Exhibit "A".)

23. To the extent that records regarding the exact dates of Plaintiff's employment exist, they are believed to be in the exclusive custody of Defendants.

24. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his regularly and routinely placing telephone calls and exchanging electronic information over the internet with persons and entities located outside of the State of Florida, including the with manufacturer/supplier of the inverters.

25. Plaintiff regularly and routinely called the manufacturer of the inverters, who was located in California, to troubleshoot problems with solar-electric residential systems, and to obtain return authorizations for defective/damaged/warrantied parts.

26. Plaintiff would then regularly and routinely place the damaged/defective/warrantied parts into a box, take it to a shipper (such as UPS or FedEx), and send the item being returned to a location outside of the State of Florida.

4

27. Defendants did not require Plaintiff to record the days he worked or the hours he started and stopped working each day.

28. Plaintiff estimates that he worked approximately 50 hours for the Defendants in each of two workweeks per month.

29. Defendants failed and refused to pay Plaintiff overtime wages calculated at a rate of time and one-half times his regular hourly rate(s) of pay for all the hours he worked beyond 40.

30. Plaintiff's regular hourly rate should take into account not only his salary of $40,000 per year but also the non-discretionary bonus he earned upon completing one year of work for Defendants based on 29 U.S.C. §207(e), 29 C.F.R. §778.208-209.

31. Plaintiff is, therefore, entitled to recover one-half his regular hourly rate for all hours worked beyond 40 in each workweek when he worked overtime.

32. Plaintiff estimates that he is owed **$4,694.40** in unpaid overtime wages.

33. Plaintiff calculated the amount he estimates he is owed as follows:

| Dates Worked | Weeks Owed | Regular Rate | Half Rate | Hours Worked | Wages Owed |
|---|---|---|---|---|---|
| Feb. 8, 2022 - Feb. 8, 2023 (52 weeks) | 26 weeks | $30.77/hour | $15.39/hour | 50 hours/week (every other week) | $4,001.40 |
| Feb. 9, 2023 - June 13, 2023 (18 weeks) | 9 weeks | $15.39/hour | $7.70/hour | | $693.00 |

**Total:   $4,694.40**

34. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not

5

required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

35. Plaintiff is entitled to a backpay award of $4,694.40 in overtime wages for the overtime hours he worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Pedro Benavides, demands the entry of a judgment in his favor and against Defendants, Sprightful Solar Installations, LLC and Pablo Corredor, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (Against Sprightful Solar Installations, LLC)

Plaintiff, Pedro Benavides, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

36. Defendant Sprightful Solar Installations, LLC, offered Plaintiff a non-discretionary bonus of $40,000 in exchange for his continuously working for it for one year (Exhibit "A").

37. Defendant, Pablo Corredor, signed the agreement for Defendant, Sprightful Solar Installations, LLC.

38. Plaintiff fully performed under the parties' agreement by working for Defendant, Sprightful Solar Installations, LLC, for over a year.

39. Defendant, Sprightful Solar Installations, LLC, however, failed and refused to perform its obligation to timely pay Plaintiff the $40,000 non-discretionary retention bonus required by Exhibit "A," thereby committing a material breach.

40. Plaintiff sent a letter to Defendant, Sprightful Solar Installations, LLC, to attempt to resolve the issue of its failure to timely pay him the $40,000 retention bonus, but it failed to make any payment to him towards these wages owed.

41. Plaintiff has been damaged in the amount of $40,000 as a direct and proximate result of Defendant, Sprightful Solar Installations, LLC's breach of the contract appended hereto as Exhibit "A," causing him damages of $40,000, plus all interest accrued thereon.

42. Plaintiff also is entitled to recover his attorney's fees and costs upon prevailing on his claim for wages pursuant to Fla. Stat. §448.08.

WHEREFORE Plaintiff, Pedro Benavides, demands the entry of a judgment in his favor and against Defendant, Sprightful Solar Installations, LLC, after trial by jury, for breach of

contract damages of $40,000, plus pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT III – PROMISSORY ESTOPPEL
**(Against Sprightful Solar Installations, LLC)**

Plaintiff, Pedro Benavides, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

43. Defendant Sprightful Solar Installations, LLC, offered Plaintiff a non-discretionary bonus of $40,000 in exchange for his continuously working for it for one year (Exhibit "A").

44. Defendant, Pablo Corredor, signed the agreement for Defendant, Sprightful Solar Installations, LLC.

45. Defendant, Sprightful Solar Installations, LLC, conveyed the promise to pay Plaintiff an additional $40,000 with the expectation that he would stay working for it for at least a year.

46. Plaintiff relied on the promise of receiving another $40,000 from Defendant, Sprightful Solar Installations, LLC, it he worked for it for over a year.

47. Defendant, Sprightful Solar Installations, LLC, failed and refused to promptly pay Plaintiff the $40,000 non-discretionary retention bonus required by Exhibit "A."

48. It would be unjust and unfair for Defendant, Sprightful Solar Installations, LLC, to avoid its responsibility for paying Plaintiff the $40,000 retention bonus after inducing Plaintiff to stay working for it for over a year, and this injustice can only be avoided by enforcing its promise to pay the $40,000 retention bonus.

49. Plaintiff sent a letter to Defendant, Sprightful Solar Installations, LLC, to attempt to resolve the issue of its failure to timely pay him the $40,000 retention bonus, but it failed to pay him anything towards these wages owed.

50. Plaintiff is entitled to recover his attorney's fees and costs upon prevailing on his claim for wages pursuant to Fla. Stat. §448.08.

WHEREFORE Plaintiff, Pedro Benavides, demands the entry of a judgment in his favor and against Defendant, Sprightful Solar Installations, LLC, after trial by jury, for breach of contract damages of $40,000, plus pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Pedro Benavides, demands a trial by jury of all issues so triable.

Respectfully submitted this 7th day of May 2024,

                                          s/Brian H. Pollock, Esq.
                                        Brian H. Pollock, Esq.
                                        Fla. Bar No. 174742
                                        brian@fairlawattorney.com
                                        FAIRLAW FIRM
                                        135 San Lorenzo Avenue
                                        Suite 770
                                        Coral Gables, FL 33146
                                        Tel:    305.230.4884
                                        *Counsel for Plaintiff*