UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-CV-60443-DAMIAN/VALLE

PEDRO BENAVIDES,

    Plaintiff,

vs.

SPRIGHTFUL SOLAR INSTALLATIONS, LLC
AND PABLO CORREDOR,

    Defendants.
_____/

## AMENDED JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE

Plaintiff, Pedro Benavides, and Defendants, Sprightful Solar Installations, LLC and Pablo Corredor ("Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff filed this lawsuit against the Defendants to recover approximately $4,694.40 in alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA") at Count I and an alleged $40,000 unpaid bonus he earned, for which he brought claims under Florida law through theories of breach of contract at Count II and promissory estoppel at Count III [ECF No. 14]. Before the Defendants responded to the operative Complaint, the parties exchanged certain information, including that the fledgling corporate Defendant for which Plaintiff worked is not an operational entity and has no assets.

The parties negotiated a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit "A."

The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this Court's Order Requiring Submission of Settlement Agreement for Court Approval [ECF No. 18].

The parties stipulate that the Plaintiff did not compromise his FLSA overtime claim and will receive the alleged overtime wages and liquidated damages sought in the Amended Complaint through the settlement. Pursuant to the parties' Settlement Agreement, the parties agreed to resolve this matter by Defendants paying $42,000.00 over 20 months. The Plaintiff will receive a gross total of $24,606.97, far exceeding any amount he could have recovered under the FLSA for overtime wages and liquidated damages, and his counsel will receive $17,393.03 for attorneys' fees and costs.

The Court's approval of the settlement is to determine whether the resolution of Plaintiff's overtime claim against Defendant involves a compromise and, if so, whether it is fair and reasonable. Under the circumstances presented, wherein Plaintiff will receive nearly six times the amount he claimed to be owed in overtime wages and did not compromise his FLSA overtime claim, the Court properly determines that the settlement is reasonable and approves it as such.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages

that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

There are two types of FLSA settlements – those in which claims are compromised and those in which they are paid in full. There is no requirement to scrutinize a settlement for fairness when the parties stipulate that the Plaintiff's FLSA claims are paid in full.

### **Plaintiff Did Not Compromise His FLSA Overtime Claim.**

Herein, the parties stipulate that the Plaintiff did not compromise his FLSA claim. He is receiving $42,000.00 over 20 months, inclusive of attorney's fees and costs. Plaintiff will receive the total net amount of $24,606.97, which includes $4,694.40 in the overtime wages he claimed, plus liquidated damages of $4,694.40, with the remaining $15,218.17 accounting for the net amount he is receiving for his claims asserted under Florida law. The attorney's fees include the $6,500.00 in time and expenses attributable to his FLSA claim and $10,893.03 in time and expenses attributable to his state law claims. That Plaintiff did not compromise his FLSA overtime claim through the settlement obviates the need for the Court to review the settlement of this case for fairness.

> Unlike in their previous motion, the Parties now "stipulate that Plaintiff's FLSA claims are to be paid in full, including liquidated damages *without compromise*." (*Compare* Dkt. 12 at 3) (emphasis added) (*with* Dkt. 10) (previously stipulating that the "settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims") **As the Parties' settlement did not compromise plaintiff's overtime compensation, the Court finds that a review of the settlement is not required for dismissal**. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982); *Silva v. Miller*, 307 Fed. Appx. 349 (11th Cir. 2009). [*Emphasis added*.]

*Foley v. Microtrac, Inc.*, 2022 WL 19395406, at *1 (M.D. Fla. Nov. 8, 2022); *see also Cortazar-Garcia v. Wrist Aficionado Miami*, LLC, 2022 WL 2048467, at *3 (S.D. Fla. May 27, 2022), report and recommendation adopted, 2022 WL 2047016 (S.D. Fla. June 7, 2022).

### **The Settlement Is Fair And Reasonable Under The Compromise Analysis.**

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of the plaintiffs' success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

**(1)** *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

**(2)** *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and exceed any damages Plaintiff could hope to recover in this action. Plus, protracted litigation would have likely resulted in the corporate Defendant not having the resources or means to satisfy Plaintiff's claim(s) under Florida law for his bonus. The proposed settlement minimizes these expenses, preserving the Court's and each partie's resources.

**(3)** *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the parties exchanged sufficient information to consult with their counsel and decide whether to continue litigating or resolve it. Counsel for the parties

discussed the merits of this case several times, and based on those discussions and consultations with their respective clients, the parties decided to resolve this matter.

**(4)** *The Probability of Success on the Merits Supports Settlement.*

The parties disagree about the merits of the Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, the Plaintiff's probability of success on the merits and the uncertainty that he would be any amount—let alone an amount greater than what the settlement provides—further support the validity, reasonableness, and fairness of the settlement at issue.

**(5)** *The Range of Possible Recovery Supports Approval.*

The parties' settlement takes into account the validity of the Plaintiff's claims, the Defendants' defenses, and the length of time it would take for the Plaintiff to actually recover a final judgment against the Defendants. While not a "legal" factor, the parties considered that Sprightful Solar Installations LLC filed documents with the Florida Department of Corporations indicating that it voluntarily dissolved on February 9, 2024.

**(6)** *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the parties agree that the proposed settlement reached by the parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not compromised or adversely affected by the attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 18 months to enforce the parties' Settlement Agreement based on the installment payment plan to which the parties agreed.

Dated this 9th day of August 2024.

| | |
|---|---|
| s/ Brian H. Pollock, Esq. | s/ Dana Gallup, Esq. |
| Brian H. Pollock, Esq. | Dana Gallup, Esq. |
| Florida Bar No. 174742 | Florida Bar No. 949329 |
| brian@fairlawattorney.com | dgallup@gallup-law.com |
| Patrick Brooks LaRou, Esq. | GALLUP AUERBACH |
| Florida Bar No. 1039018 | 4000 Hollywood Blvd. |
| brooks@fairlawattorney.com | Suite 265 South |
| FAIRLAW FIRM | Hollywood, Florida 33021 |
| 135 San Lorenzo Avenue, Suite 770 | Telephone: (954) 894-3035 |
| Coral Gables, Florida 33146 | *Counsel for Defendants* |
| Telephone: (305) 230-4884 | |
| *Counsel for Plaintiff* | |