## **SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

This Settlement Agreement and Mutual General Release (the "Agreement") is entered into by and between PEDRO BENAVIDES, on behalf of himself, his heirs, executors, administrators, legal representatives, and assigns (hereinafter referred to as "Benavides" or "Plaintiff"), and SPRIGHTFUL SOLAR INSTALLATIONS, LLC and PABLO CORREDOR (hereinafter referred to as "Released Parties" or "Defendants"), and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, members, managers, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys. Plaintiff and Defendants are collectively referred to hereinafter as the "Parties."

**WHEREAS**, Plaintiff filed a lawsuit against Defendants on or about May 2, 2024, and styled *Pedro Benavides v. Sprightful Solar Installations, LLC. and Pablo Corredor,* Case No. 0:24-cv-60443-MD, in the United States District Court, Southern District of Florida (the "Lawsuit"); and

**WHEREAS**, the Lawsuit asserts claims against the Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (Count I), Breach of Contract (Count II) and Promissory Estoppel (Count III), and seeks the recovery of unpaid overtime wages and an alleged non-discretionary bonus; and

**WHEREAS**, Defendants have denied and continue to deny the claims asserted in the Lawsuit, and specifically deny the alleged violations of the FLSA or any other federal, state, or local employment laws, rules, or regulations in connection with Benavides's employment; and

**WHEREAS**, in order to avoid the delay, expense, and uncertainty of further legal proceedings in connection with the Lawsuit, the Parties have agreed to resolve their dispute and enter into this Agreement to settle all claims, and potential claims that have or could have been asserted in connection with the Lawsuit; and

**NOW THEREFORE**, in consideration of the promises and mutual covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Recitals**. The above Recitals are true and correct and are incorporated herein by reference.

1

2. **Settlement Payments**. The Released Parties will pay the total sum of Forty-Two Thousand and 00/100 Dollars ($42,000.00) (the "Settlement Funds") to Benavides, which consists of $17,393.03 in attorney's fees and costs, for which an IRS Form 1099 will be issued to Benavides' counsel, FairLaw Firm, and $24,606.97 to Benevides, for which an IRS Form 1099 will be issued to Benavides, and which shall be delivered to FairLawFirm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, as follows:

   a. Within ten (10) business days of Benavides signing this Agreement and providing an IRS Form W-9 to Defendants' counsel, Seven Thousand and 00/100 Dollars ($7,000.00), with no withholdings, made payable by check or wire transfer to the Trust Account of FairLaw Firm, from which Benavides will receive $4,101.16 and FairLaw Firm $2,892.83.

   b. Beginning on July 1, 2024, and continuing monthly for twenty (20) months through February 1, 2026, installments of One Thousand Seven Hundred Fifty and 00/100 Dollars ($1,750.00), with no withholdings, made payable by check or directly deposited into to the Trust Account of FairLaw Firm, from which Benavides will receive $1,025.29 and FairLaw Firm $724.71 from each installment payment received.

   c. Benavides agrees to the distribution of the settlement proceeds as set forth above.

3. **Default**. The failure by Defendants to timely make any payment as set forth above within three (3) days of the due date shall be considered a material breach of this Agreement. Defendants shall be entitled to receive email notice to their counsel, Dana M. Gallup, Esq. (dgallup@gallup-law.com) of any default in payment due under the Agreement. If Defendants do not timely cure any default in payment within three (3) business days after receipt of written notice (the "cure period"), Plaintiff shall be entitled to the entry of a Default Final Judgment against Defendants, jointly and severally, for Sixty-Five Thousand and 00/100 Dollars ($65,000) minus all payments made through the cure period. Defendants waive all defenses to the entry of a Default Final Judgment other than Plaintiff's failure to provide the notice required under this Agreement and/or timely payment.

4. **Allocation and Indemnification**. Benavides acknowledges and agrees that he is responsible for the payment of his share of any and all federal, state, and/or local taxes imposed on him by any revenue agency that is or may be owed taxes or other withholdings with respect to monies paid to him or paid on his behalf hereunder. Benavides agrees to indemnify and hold the Released Parties harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental authority asserted against the Released Parties because of Benavides's failure to pay his share of taxes or other withholdings. Benavides

further agrees to hold the Released Parties harmless as to costs, expenses or damages sustained by Benavides as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, as a result of his failure to pay his share of such taxes or other withholdings.

5. **No Admission of Liability**: This Agreement does not constitute and shall not be construed as an admission by any party of liability or wrongdoing or any violation of law and, to the contrary, any such interpretation is specifically denied.

6. **Stipulation for Dismissal**: Within five (5) days of the Parties signing this Agreement, the Parties, through their counsel, will file a Stipulation of Voluntary Dismissal with Prejudice of the Lawsuit upon condition that the Court retain jurisdiction to enforce the terms of this Settlement Agreement for 24 months.

7. **Mutual General Release**:  The Parties generally release, satisfy, and forever discharge one another from any and all claims, demands, or liabilities whatsoever, whether known or unknown, which Plaintiff or Defendants ever had or may now have against one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Defendants undertakes in this Agreement. This release includes, without limitation, any claims, demands, or liabilities relating to or arising out of Plaintiff's employment with Defendants, the work Plaintiff performed for Defendants, and the separation of his employment from Defendants, including pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

8. **Non-Disparagement**. The Parties agree not to defame, disparage, or demean the other Party and to not discuss the facts or theory of this case with anyone save any privileged communications unless required by law. In response to any inquiry regarding Benavides' employment with the Defendants, they shall provide him with a neutral employment reference by confirming his dates of work, rate(s) of pay, and position held without reference to any claim, lawsuit, or the resolution thereof. This paragraph is not intended to prevent cooperation through investigation, testimony, or otherwise with an administrative agency or court. This paragraph is also not intended to prevent Plaintiff from exercising any rights protected by the National Labor Relations Act, including any right Plaintiff may have to communicate with current or former co-workers and/or third parties about terms and conditions of employment or labor disputes, unrelated to the amount of pay under this Agreement, when the communication is not so disloyal, reckless, or maliciously untrue as to lose the protection of the law.

9. **No-Rehire.** Benavides agrees and promises that he will not apply and/or re-apply for employment with Released Parties or any of their affiliated companies.

3

10. **No Encouragement**. Benavides agrees and promises that he will not voluntarily testify for, appear on behalf of, encourage or otherwise assist in any way any individual, company, or agency in any claim against Released Parties, unless, and only pursuant to a lawful subpoena issued to Benavides. If such a subpoena is issued, Benavides will immediately notify Defendants, through their counsel, Dana M. Gallup, Esq., by email at dgallup@gallup-law.com and provide him with a copy of the subpoena.

11. **Confidentiality**. Benavides will not disclose the existence of his claims or contents of this Agreement to anyone except his attorney, his tax advisors or his spouse, who, in turn, shall also agree not to disclose this Agreement to any third parties except as compelled by force of law. In the event Benavides is compelled by force of law to disclose the contents of this Agreement, Benavides agrees that notice of receipt of the judicial order or subpoena shall be communicated to so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. This provision shall not, however, prohibit Plaintiff from disclosing the terms and conditions of this Agreement if (a) required to do so by court order, provided that any court-ordered disclosure shall only be made to the extent ordered, and only after notice has been given in writing by Plaintiff to Defendants' attorney, Dana M. Gallup, Esq. by email to dgallup@gallup-law.com within three (3) business days to obtain an appropriate protective order preventing or restricting such disclosure; (b) as may be necessary to accomplish the filing of income tax returns or to fulfill any other legal obligations to the Internal Revenue Service or other federal or state taxing authorities; (c) as may be necessary to enforce the terms of this Agreement; (d) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his conversation with them to the Defendants; and (e) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, Plaintiff may testify or provide information regarding this Agreement or may produce the Agreement. Plaintiff, however, may disclose that his claims against Defendants have been resolved by agreement of the Parties. Plaintiff may disclose that his claims against Defendants were resolved by agreement of the Parties.

12. **Attorney Fees and Costs**. Except as otherwise set forth herein, each party shall be responsible for the payment of their own attorneys' fees and costs in the Lawsuit, or the negotiation, preparation and execution of this Agreement. The prevailing party shall be entitled to recover its attorney's fees and costs in connection with any action taken to enforce this Agreement.

13. **Authority.** Benavides represents and warrants that he is authorized to enter into this Agreement, and that he has the authority to perform the terms of this Agreement. Benavides represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed

of all or any portion of any released claim. Defendants represent and warrant that the person signing this Agreement has the authority to act on behalf of the Defendants and to bind them and all who may claim through them to the terms and conditions of this Agreement.

14. **Severability**. If any provision of this Agreement or the application thereof to any party or circumstances is determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law and to that extent the Agreement is severable.

15. **Governing Law and Venue.** This Agreement shall be construed and governed in accordance with the laws of the State of Florida (without regard to its choice of law provisions) and subject to the exclusive jurisdiction of the Florida federal and state courts. Venue shall lie exclusively in the federal and state courts of Miami-Dade County, Florida.

16. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Electronic signatures are permitted, and a copy or .pdf version of any signature or of a fully executed copy of this Agreement shall be of the same force and effect as an original.

17. **Representations**. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

18. **Drafting of Agreement**. The Parties acknowledge that each party participated in drafting this Agreement and had an equal opportunity to do so. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

19. **Amendment**. No modifications or amendments to any of this Agreement's terms, conditions, or provisions may be made except in a written agreement executed by all parties hereto. This Agreement represents the entire Agreement between the Parties, and there are no other understandings or terms between the Parties other than those set forth herein.

20. **Opportunity to Consider and Confer**. Benavides expressly warrants and represents: that before executing this Agreement, Benavides fully informed himself of the terms, contents, conditions and effects thereof; that in making the settlement represented by this Agreement, Benavides had the benefit of the advice of counsel of his own choosing; that no promise or representation of any kind has been made to Benavides regarding the settlement of his alleged FLSA Claims and wage claims, except as is expressly stated in this Agreement; that Benavides fully understands and is in complete agreement with all terms of this Agreement; and, that Benavides is entering into this Agreement of his own free will. Benavides further expressly

warrants and represents that he has relied solely and completely on his own judgment and the advice of his counsel in making the settlement represented by this Agreement.

    21. **Consultation.** Each of the Parties acknowledges that he/it has been advised to consult an attorney prior to signing this Agreement, and that each has consulted with and been advised by his/its own attorney regarding this matter and is satisfied that he/it has received appropriate legal advice and an explanation of all of his/its options in connection with this Agreement.

    **THE PARTIES AGREE THAT THIS AGREEMENT CONSTITUTES THEIR ENTIRE AGREEMENT, THAT THEY HAVE READ AND UNDERSTAND ALL ITS PROVISIONS**

PEDRO BENAVIDES

By: *P. Benavides*
Pedro Benavides (May 31, 2024 19:51 EDT)

Date: 05/31/2024

SPRIGHTFUL SOLAR INSTALLATIONS, LLC

By: *Pablo Corredor*
Pablo Corredor, as Authorized Agent

PABLO CORREDOR

By: *Pablo Corredor*

Date: Jun 5, 2024

6

# Settlement Agreement (Sprightful)

Final Audit Report  2024-06-05

| | |
|---|---|
| Created: | 2024-06-04 |
| By: | Mary Escobar (mescobar@gallup-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAYdef9sMfuAGhW-tGinn-te41V8qza7Zk |

## "Settlement Agreement (Sprightful)" History

- Document created by Mary Escobar (mescobar@gallup-law.com)
  2024-06-04 - 9:16:05 PM GMT- IP address: 75.13.67.218

- Document emailed to Pablo Corredor (pablo@sprightful.com) for signature
  2024-06-04 - 9:16:41 PM GMT

- Email viewed by Pablo Corredor (pablo@sprightful.com)
  2024-06-04 - 9:16:45 PM GMT- IP address: 74.125.210.68

- Document e-signed by Pablo Corredor (pablo@sprightful.com)
  Signature Date: 2024-06-05 - 5:52:34 PM GMT - Time Source: server- IP address: 104.1.206.46

- Agreement completed.
  2024-06-05 - 5:52:34 PM GMT

**Adobe Acrobat Sign**